IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF NEW JERSEY

U.S. DISTRICT COURT

2010 JAN -6  P 2:31

NEWARK DIVISION

| | |
|---|---|
| Jose Crespo, Samirah Majid<br>Plaintiff(s),<br><br>vs.<br><br>Washington Mutual Bank, as Successor-In-Interest to Long Beach Mortgage Company, and JP MORGAN CHASE BANK, N.A.<br><br>Defendant | Federal Court Case No. **10-52 (PGS)**<br><br>**COMPLAINT FOR: INJUNCTION SET ASIDE TRUSTEE SALE, DETERMINATION OF FEDERAL ACTION FOR VIOLATION(S) OF HOEPA, FEDERAL TRUTH-IN-LENDING ACT, FAIR CREDIT REPORTING ACT, FRAUDELENT MISREPRESENTATION, BREACH OF FIDUCIARY DUTY, UNJUST ENRICHMENT, CIVIL CONSPIRACY, CIVIL RICO AND QUIET TITLE** |

## NATURE OF THE ACTION

1.) This case arises out of Defendants' egregious and ongoing and far reaching fraudulent schemes for improper use of Plaintiff's identity, fraud in the inducement, fraud in the execution, usury, and breaches of contractual and fiduciary obligations as Mortgagee or "Trustee" on the Deed of Trust, "Mortgage Brokers," "Loan Originators," "Loan Seller", "Mortgage Aggregator," "Trustee of Pooled Assets", "Trustee or officers of Structured Investment Vehicle", "Investment Banker", "Trustee of Special Purpose Vehicle/ Issuer of Certificates of `Asset-backed Certificates", "Seller of `Asset-Backed' Certificates (shares or bonds)," "Special Servicer" and Trustee, respectively, of certain mortgage loans pooled together in a trust fund.

*[handwritten: are they mortgages?]*

2.) The participants in the securitization scheme described herein have devised business plans to reap millions of dollars in profits at the expense of Plaintiff and other investors in certain trust funds.

3.) In addition to seeking compensatory, consequential and other damages, Plaintiff seeks declaratory relief as to what (if any) party, entity or individual or group thereof is the owner of the promissory note executed at the time of the loan closing, and whether the Deed of Trust (Mortgage) secures any obligation of the Plaintiff, and A Mandatory Injunction requiring reconveyance of the subject property to the Plaintiff or, in the alternative a Final Judgment granting Plaintiff Quiet Title in the subject property.

*[handwritten: Motion for Preliminary Injunction is denied because neither party appeared at the time assigned. Plaintiff said he would proceed in state court]*

**SO ORDERED:** *[signature] Peter G. Sheridan*

**DATED:** 1/7/10